UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG DICKENS, | 1:10-cv-00933 GSA PC |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE |
| v. | |
| ISAAC FULLWOOD, et al., | |
| Defendants. | |

I.   **Screening Requirement**

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claim

### A. Summary of Complaint

Plaintiff is currently housed at the Federal Correctional Institution in Coleman, Florida. Plaintiff's claim arose while he was housed at the U.S. Penitentiary at Awater, California. Plaintiff names as defendants members of the U.S. Parole Commission. Plaintiff alleges that he was denied release on parole. Plaintiff claims that the denial was erroneous, as the Parole Commission relied on the 2000 Parole Guidelines instead of the 1987 regulations, which would have entitled Plaintiff to consideration for an earlier release on parole. Plaintiff attaches as an exhibit to his complaint a decision on a petition to the U.S. Parole Commission. This exhibit indicates that because Plaintiff's offenses occurred between March 15, 1985 and August 5, 1998, his conviction falls under the criteria set forth by the Commission's "limited adoption of the Sellmon Analysis of the D.C. Board of Parole 1987 & 1991 Guidelines."

### State Actor

### A. State Actor

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

The sole defendants in this action are officials employed by the U.S. Parole Commission. Plaintiff has not alleged any facts indicating that Defendant acted under color of state law. Any claims pursuant to 42 U.S.C. § 1983 should therefore be dismissed.

2

Further, when a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991).

Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

### III. Conclusion and Order

Plaintiff's complaint does not state any cognizable claims under section 1983. Plaintiff's claim arises from the denial of a decision to grant him release on parole. Plaintiff's challenge , if successful, would clearly entitle him to earlier release. His sole federal remedy is therefore a writ of habeas corpus. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY ORDERS that this action be dismissed without prejudice to the filing of a petition for writ of habeas corpus. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The Clerk is directed to close this case.


IT IS SO ORDERED.

**Dated:   November 21, 2011**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE